IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
July 24, 2001 Session

## STATE OF TENNESSEE v. STELLA RODIFER

**Appeal from the Circuit Court for Washington County**
**Nos. 24766, 25469-71, 25681, 25682, 25684, and 25795    Robert E. Cupp, Judge**

---

**No. E2001-00034-CCA-R3-CD**
**August 23, 2001**

---

The defendant, Stella Rodifer, was convicted of forgery, a felony; six counts of worthless checks under $500.00, misdemeanors; and one count of worthless checks over $1,000.00, a felony. The defendant was sentenced to consecutive terms of two and four years, respectively, on each of the felonies. The trial court imposed concurrent sentences of 11 months and 29 days on each misdemeanor, two of which were ordered to be served consecutively for an effective sentence of seven years, 11 months, and 27 days. The trial court granted probation on the misdemeanors and sentenced the defendant to a Community Corrections program on the felonies. Four months later, the trial court revoked the alternative sentences and ordered the defendant to serve four years for forgery; eight years for felony worthless checks; and 11 months and 29 days (two consecutive) for each of the six counts of worthless checks, for an effective sentence of 13 years, 11 months, and 27 days. In this appeal of right, the defendant argues that the trial court erred by revoking her alternative sentences and by imposing lengthier, consecutive sentences. The judgments are affirmed.

**Tenn. R. App. P. 3; Judgments of the Trial Court Affirmed.**

GARY R. WADE, P.J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Richard A. Spivey, Kingsport, Tennessee (on appeal), and Roger Day, Johnson City, Tennessee (at trial), for the appellant, Stella Rodifer.

Paul G. Summers, Attorney General & Reporter; Angele M. Gregory, Assistant Attorney General; and Steve Finney, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On October 2, 2000, the defendant was placed on probation for her misdemeanor offenses and placed within the Community Corrections program for her felony offenses. On November 14, 2000, the defendant's probation/Community Corrections supervisor alleged that the defendant had violated the conditions of her alternative sentencing by committing the crime of extortion or embezzlement in Unicoi County. At the revocation hearing, Matt Rice of the Unicoi County Sheriff's Department testified that the defendant, who worked at a metal shop, misrepresented herself to the victim, Jerald E. Peterson, as a paralegal for a law firm. Under the pretense that she would assist the victim in the settlement of a divorce and in conjunction with Loretta Hammonds, the defendant acquired $39,000.00 from the victim, $23,000.00 of which she used to purchase a vehicle. The defendant directed that the title be placed in her maiden name, Stella Braddock. The remaining money taken from the victim had not been accounted for at the time of the hearing. Although Officer Rice stated that he was unaware of any force used by the defendant in the commission of the crime, he testified that the defendant threatened the victim with bodily injury. The defendant chose not to testify.

At the conclusion of the hearing, the trial court determined that the defendant had violated the law in violation of the terms of her alternative sentences, recited into the record the defendant's extensive criminal history, and concluded that three enhancement factors were applicable:

(1)     The defendant had a previous history of criminal convictions and behavior;
(8)     The defendant had a history of unwillingness to comply with conditions of a sentence involving release; and
(13)    The defendant committed a felony offense while on probation.

See Tenn. Code Ann. § 40-35-114(1), (8), (13).

While the trial court recognized a mitigating factor, that the defendant's criminal conduct neither caused nor threatened serious bodily injury, it assigned little significance to that factor. See Tenn. Code Ann. § 40-35-113(1). Because the defendant had "devoted her entire life to committing criminal acts and preying upon the less strong people in these communities," the trial court determined that the defendant was a professional criminal with an extensive criminal record and ordered consecutive sentencing.

Our general law provides that a trial court may revoke a sentence of probation upon finding by a preponderance of the evidence that the defendant has violated the conditions of his release. Tenn. Code Ann. § 40-35-311(e) (Supp. 2000). On appeal, a revocation will be upheld absent an abuse of discretion. In order to establish that the trial court has abused its discretion, the defendant must show that there is no substantial evidence to support the determination that he violated his probation. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Relief can be granted only when the trial court's logic and reasoning were improper when viewed in the light of the factual circumstances and the legal principles involved. State v. Shaffer, 45 S.W.3d 553 (Tenn. 2001). The trial judge is

not required to find that a violation of the terms of probation has occurred beyond a reasonable doubt. Stamps v. State, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). Rather, the existence of a violation of probation need only be supported by a preponderance of the evidence. Tenn. Code Ann. § 40-35-311(e) (Supp. 2000). The same principles applicable to a probation revocation are relevant to the revocation of Community Corrections. State v. Harkins, 811 S.W.2d 79, 83 (Tenn. 1991).

The purpose of the Community Corrections Act of 1985 was to provide an alternative means of punishment for "selected, nonviolent felony offenders in front-end community based alternatives to incarceration." Tenn. Code Ann. § 40-36-103. The Community Corrections sentence provides a desired degree of flexibility that may be both beneficial to the defendant and serve legitimate societal aims. State v. Griffith, 787 S.W.2d 340, 342 (Tenn. 1990). That a defendant meets the minimum requirements of the Community Corrections Act of 1985, however, does not mean that he or she is entitled to be sentenced under the Act as a matter of law or right. See State v. Taylor, 744 S.W.2d 919 (Tenn. Crim. App. 1987). The following offenders are eligible for Community Corrections:

> (1) Persons who, without this option, would be incarcerated in a correctional institution;
> (2) Persons who are convicted of property-related, or drug/alcohol-related felony offenses or other felony offenses not involving crimes against the person as provided in title 39, chapter 13, parts 1-5;
> (3) Persons who are convicted of nonviolent felony offenses;
> (4) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;
> (5) Persons who do not demonstrate a present or past pattern of behavior indicating violence;
> (6) Persons who do not demonstrate a pattern of committing violent offenses; and
> Persons who are sentenced to incarceration or on escape at the time of consideration will not be eligible.

Tenn. Code Ann. § 40-36-106(a) (Supp. 2000).

Once a defendant violates the terms of his Community Corrections program, the trial court may revoke the sentence and impose a new one:

> The court shall also possess the power to revoke the sentence imposed at any time due to the conduct of the defendant or the termination or modification of the program to which the defendant has been sentenced, and the court may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration.

Tenn. Code Ann. § 40-36-106(e)(4) (Supp. 2000).

The authority to revoke a Community Corrections sentence is based upon the conduct of the defendant while under supervision. See id. A trial judge's decision to revoke a defendant's release on Community Corrections should not be disturbed unless there is an abuse of discretion. Harkins, 811 S.W.2d at 82. In order to prevail under the abuse of discretion standard, the defendant must establish that the record contains "no substantial evidence to support the conclusion of the trial judge that a violation of the conditions . . . occurred." Id.

Initially, the defendant argues that the evidence was insufficient to establish the probation/Community Corrections violation. She argues that "criminal culpability was not shown." This court disagrees. The only witness at the hearing confirmed that the defendant misrepresented herself as a paralegal as a means of acquiring funds unlawfully. In our view, the evidence established by a preponderance of the evidence that the defendant violated the terms of her probation/Community Corrections sentence by violating a provision of law.

In addition to the probation/Community Corrections revocation issue, this court has also been asked to review the propriety of consecutive sentencing. Prior to the enactment of the Criminal Sentencing Reform Act of 1989, the limited classifications for the imposition of consecutive sentences were set out in Gray v. State, 538 S.W.2d 391, 393 (Tenn. 1976). In that case our supreme court ruled that aggravating circumstances must be present before placement in any one of the classifications. Later, in State v. Taylor, 739 S.W.2d 227 (Tenn. 1987), the court established an additional category for those defendants convicted of two or more statutory offenses involving sexual abuse of minors. There were, however, additional words of caution:

> [C]onsecutive sentences should not routinely be imposed . . . and . . . the aggregate maximum of consecutive terms must be reasonably related to the severity of the offenses involved.

Id. at 230. The Sentencing Commission Comments adopted the cautionary language. Tenn. Code Ann. § 40-35-115, Sentencing Commission Comments. The 1989 Act is, in essence, the codification of the holdings in Gray and Taylor; consecutive sentences may be imposed in the discretion of the trial court only upon a determination that one or more of the following criteria[1] exist:

> (1) The defendant is a professional criminal who has knowingly devoted [himself] to criminal acts as a major source of livelihood;
> (2) The defendant is an offender whose record of criminal activity is extensive;

---

[1] The first four criteria are found in Gray. A fifth category in Gray, based on a specific number of prior felony convictions, may enhance the sentence range but is no longer a listed criterion. See Tenn. Code Ann. § 40-35-115, Sentencing Commission Comments.

-4-

(3) The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;

(4) The defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;

(5) The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;

(6) The defendant is sentenced for an offense committed while on probation;

[]

(7) The defendant is sentenced for criminal contempt.

Tenn. Code Ann. § 40-35-115(b).

The length of the sentence, when consecutive in nature, must always be "justly deserved in relation to the seriousness of the offense," Tenn. Code Ann. § 40-35-102(1), and "no greater than that deserved" under the circumstances, Tenn. Code Ann. § 40-35-103(2); see also State v. Lane, 3 S.W.3d 456 (Tenn. 1999).

The defendant, 39 years of age, has a record of arrests and convictions which began in Illinois as early as 1982. She completed high school in 1980 and claims to have obtained a bachelor of science degree from Wright College in Illinois in 1985. The presentence report provides that she has five children ranging in ages from one to 18. In this appeal, she complains that the trial court inappropriately enhanced her felony sentences and, without adequate basis, increased her overall term of incarceration by requiring that several of the sentences be served consecutively. Significantly, the defendant does not argue that the trial court erred by the application of any enhancement factors, which would affect the lengths of the sentences within their statutory ranges.

Because the trial court weighed the applicable enhancement factors against the single mitigating factor, the judgments are entitled to the presumption of correctness. Moreover, the trial court, after reading into the record a prior criminal history of innumerable misdemeanors and felonies ranging from worthless checks and forgery to theft and assault, very accurately described the defendant as one who had devoted her life to "ripping people off." The trial court also accurately described the defendant as an offender whose record of criminal activity was extensive, another appropriate basis for consecutive sentencing. See Tenn. Code Ann. § 40-35-115(b)(2). Because one month earlier the trial court had strongly admonished the defendant of the possible consequences of any breach of the conditions of her alternative sentences and because the prior criminal record of the

defendant (in several jurisdictions) is so extensive as to qualify her as a professional criminal, both the revised lengths of the sentences and the consecutive nature of their service are warranted.

Accordingly, the judgments are affirmed.


_____
GARY R. WADE, PRESIDING JUDGE